United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61095
Summary Calendar

_____

JAYESH DAYA MOTI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 139 340
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Jayesh Daya Moti petitions for review of the final order of

the Board of Immigration Appeals (BIA) that denied his motion to

reopen immigration proceedings.  Moti married an American citizen

who filed two I-130 petitions naming Moti as the beneficiary.

The first I-130 petition was denied; the second I-130 petition

was pending when Moti moved to reopen and formed the basis for

that motion.

    The Board of Immigration Appeals (BIA) denied the motion to

reopen on grounds that Moti had overstayed his period of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntary departure and therefore was statutorily ineligible for the relief sought. See 8 U.S.C. § 1229c(d). We review the BIA's denial of a motion to reopen for abuse of discretion. Banda-Ortiz v. Gonzales, 445 F.3d 387, 388 (5th Cir. 2006), petition for cert. filed (Sept. 28, 2006) (No. 06-477); Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993).

Moti argues that his timely-filed motion to reopen tolled the voluntary departure period. This court has rejected a tolling argument such as the one advanced by Moti. See Banda-Ortiz, 445 F.3d at 391 ("declin[ing] to read into § 1229c(d) the requirement that the BIA automatically toll an alien's voluntary departure period during the pendency of a motion to reopen"). In this matter, Moti became ineligible to adjust his status because he failed to depart the United States within the 60-day voluntary departure period, which expired while his motion to reopen was pending. See § 1229c(d)(B). Accordingly, the BIA did not abuse its discretion in denying his motion to reopen. See Banda-Ortiz, 445 F.3d at 391; § 1229c(d)(B).

Moti argues that the BIA abused its discretion by not ruling on his motion to stay his voluntary departure period, which he filed contemporaneously with his motion to reopen. The applicable statutory and regulatory provisions, however, make clear that the BIA was without authority to extend the voluntary departure period beyond the 60 days already granted. See § 1229c(b); 8 C.F.R. § 1240.26(f). Accordingly, the BIA's

implicit denial of the motion to stay the voluntary departure period was not an abuse of its discretion.

Moti contends that his motion to reopen should be remanded to the BIA because administrative delays prejudiced him, resulting in the denial of his motion to reopen without a consideration of its merits. To the extent that Moti complains of delays that occurred prior to the filing of his motion to reopen, we are without jurisdiction to review the issue because Moti did not raise the issue before the BIA. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001).

Although the wheels of bureaucracy often grind slowly, see Ahmed v. Gonzales, 447 F.3d 433, 438 (5th Cir. 2006), undue administrative delay did not cause the summary dismissal of Moti's motion to reopen. Moti filed the motion to reopen with less than one week remaining in the 60-day voluntary departure period. Voluntary departure confers numerous benefits on an alien, but it is not without costs, including ineligibility for certain forms of relief if the alien does not timely depart. Banda-Ortiz, 445 F.3d at 389-90. Moti cannot avail himself of the benefits of voluntary departure with bearing the costs attendant to his failure to timely depart. See id.

Finally, Moti argues that the immigration judge discriminated against him at his hearing and thereby denied his right to equal protection, and that the immigration judge violated his due process right to a fair hearing by not allowing

his counsel to rebut allegations and enter evidence into the record.  These claims are unexhausted, and this court is therefore without jurisdiction to consider them.  <u>See</u> <u>Wang</u>, 260 F.3d at 452; <u>Roy v. Ashcroft</u>, 389 F.3d 132, 137 (5th Cir. 2004).

PETITION FOR REVIEW DENIED.